IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BAYVIEW LOAN SERVICING, LLC, | |
| Plaintiff, | CIVIL ACTION FILE NO. |
| v. | 1:18-cv-943-WSD-JKL |
| KEISHA JONES, *and all others*, | |
| Defendants. | |

## **ORDER AND FINAL REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Keisha Jones's application for leave to proceed *in forma pauperis* ("IFP") on her notice of removal of a state dispossessory action against Defendants to this Court. [Doc. 1.] After considering Jones's application, I **GRANT** the request to proceed IFP pursuant to 28 U.S.C. § 1915(a) for the limited purpose of remand. Because this Court does not have subject matter jurisdiction over the removal action, I further **RECOMMEND** that this case be **REMANDED** to the Magistrate Court of Douglas County.

In the underlying dispossessory action, filed on February 7, 2018, Plaintiff Bayview Loan Servicing, LLC ("Bayview") alleged that it Defendants were tenants

at sufferance following a foreclosure sale. [Doc. 1-2 at 13.] Bayview demanded only possession of the premises. [*Id.*]

In her notice of removal and civil cover sheet, Jones fails to assert a basis for jurisdiction, [*see* Doc. 1-1 at 1-2; *see also* Doc. 1-2 at 1-2 (civil cover sheet)]; however, she does suggest elsewhere that she may have counterclaims against Bayview for violations of the Fair Debt Collection Practices Act ("FDCPA"), Truth in Lending Act ("TILA"), and/or the Real Estate Settlement Procedures Act ("RESPA") [*see* Doc. 1-2 at 1-11].

Generally, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States." 28 U.S.C. § 1441(a). Here, however, the underlying case is a state dispossessory action containing no federal claim. [Doc. 1-2 at 13.] Thus, removal based on federal question jurisdiction under 28 U.S.C. § 1331 is improper. *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6 (2003) ("As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim."); *see also U.S. Bank Nat'l Ass'n v. Sanders*, No. 1:13-cv–357-WSD, 2015 WL 1568803, *3 (N.D. Ga. Apr. 7, 2015). Even if Jones wishes

to raise counterclaims based on federal statutes such as the FDCPA, TILA, and/or RESPA, this Court may look only to the complaint itself to determine whether there is federal question jurisdiction over the action. *See Anderson*, 529 U.S. at 6.

Additionally, it is also clear to the Court that there is no diversity jurisdiction under 28 U.S.C. § 1332(a). First, Bayview and Defendants are all Georgia citizens. [Doc. 1-2 at 13.] They are therefore not diverse for jurisdictional purposes. 28 U.S.C. § 1441(b)(2); *see also Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (removing party bears the burden of establishing that the parties are diverse). Second, Bayview's dispossessory claim against Defendants cannot be reduced to a monetary sum for purposes of satisfying the amount-in-controversy requirement in § 1332(a). *See* 28 U.S.C. § 1332(a); *Citimortgage, Inc. v. Dhinoja*, 705 F. Supp. 2d 1378, 1382 (N.D. Ga. 2010) (holding that only the plaintiff's claim may satisfy the amount-in-controversy requirement, and an action seeking ejectment cannot be reduced to a monetary sum for purposes of determining the amount in controversy). Thus, the amount in controversy in § 1332(a) is not met. *See* 28 U.S.C. § 1332(a).

In sum, the Court **GRANTS** Defendant Jones's application for leave to proceed IFP for the limited purpose of remand. [Doc. 1.] Because it is clear that

this Court lacks subject matter jurisdiction over the removal action, it is further **RECOMMENDED** that the case be **REMANDED** to the Magistrate Court of Douglas County.

IT IS SO ORDERED AND RECOMMENDED this 6th day of March, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge